UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REAL SELLING GROUP LLC,<br><br>                    Plaintiff,<br><br>            v.<br><br>ESN GROUP INC.,<br><br>                  Defendant. | Civil Action No.:<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br>Jury Trial Requested |

Plaintiff Real Selling Group LLC ("RSG"), as and for its Complaint against ESN Group Inc. ("ESN Group"), alleges as follows:

## SUMMARY

1.     Defendant ESN Group has engaged in a relentless campaign of harassment and trademark bullying intended to clear the marketplace of purportedly "unauthorized" sellers of its products on Amazon, including lodging an endless series of knowingly false intellectual property complaints on Amazon against RSG, which is doing nothing more than selling genuine and unaltered ESN Group products acquired from legitimate sources.  This not only has resulted in significant financial losses and ongoing damage to RSG's standing with Amazon – its lifeblood and main source of revenue – but also misleads consumers and potential consumers of ESN Group's products.

2.     RSG is an online seller that does the bulk of its business on the Amazon platform. Among the many products RSG sells there, it sells a handful of products made by ESN Group, including products sold under ESN Group's "Ceramedx" and "Earth Science" trademarks.  RSG sources these products from legitimate and trusted sources, and only sells authentic and unaltered ESN Group products.

3.     In complete disregard of the authenticity of RSG's inventory, and without doing any investigation whatsoever, such as a "test buy," or communicating directly with RSG, which it easily could have done through the Amazon platform, ESN Group filed numerous baseless and fraudulent complaints with Amazon claiming that RSG was selling counterfeit ESN Group products on Amazon and otherwise infringing on ESN Group's trademarks.  These complaints were made entirely in bad faith and intended only to damage RSG and push it out of the marketplace, not for any legitimate brand-protection purpose.  Moreover, because ESN Group's complaints were submitted to Amazon under penalty of perjury, each such complaint was a criminal act, and such unlawful conduct has no place in the arena of marketplace competition.

4.     As a direct result of ESN Group's ceaseless and illegal attacks, Amazon shut down several of RSG's listings for ESN Group products, which has left RSG with no viable outlet to sell its ESN Group inventory and has put RSG's Amazon seller account at serious risk of being deactivated, which would effectively put RSG out of business.

5.     It is common knowledge among product manufacturers that Amazon will take these actions as a matter of course upon receiving counterfeiting and/or infringement claims from manufacturers, and that Amazon routinely relies on the honesty and integrity of manufacturers without undertaking an independent investigation of its own.

## PARTIES, JURISDICTION AND VENUE

6.     Plaintiff Real Selling Group LLC is a New York limited liability with its principal place of business in New Hampton, NY.

7.     Defendant ESN Group Inc. is a California corporation with, on information and belief, a principal place of business in Santa Barbara, California.

8.      The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §
1121 and 28 U.S.C. § 1331, 1332, 1338, and 1367, as Plaintiff asserts claims under the Lanham
Act, 15 U.S.C. § 1125(a), as well as related state common law claims.

9.      The Defendant is subject to personal jurisdiction in this Court because Defendant
conducts substantial business in New York and in this District, including selling into New York
the products at issue in this action, and purchased the allegedly counterfeit, infringing, and/or
damaged goods from the Plaintiff, a New York company.

10.      Venue is proper in this District because a substantial part of the events giving rise
to this action occurred in this District.

## FACTS

### *Ceramedx*

11.      Instead of UPCs or serial numbers, Amazon uses an "Amazon Standard
Identification Number," or "ASIN," for each product listing.  Once an ASIN is created by any
person for a particular product, other sellers can list their inventory under that pre-existing ASIN.
This allows customers to comparison shop between sellers of the same product, including on
price but also on the seller's rating, which provides prospective customers with information
about that seller's integrity and reliability.

12.      In late 2019, RSG listed for sale a Ceramedx product under ASIN B07HBHBNFJ
(the "BNFJ ASIN").

13.      On November 20, 2019 – the start of the peak-sales Holiday season – Plaintiff
received an email from Amazon indicating that ESN Group had filed a complaint with Amazon
claiming that RSG was selling a counterfeit Ceramedx product under the BNFJ ASIN, and that
Amazon was removing this listing unless and until RSG provided proof of authenticity to

Amazon's satisfaction.

14.     Soon thereafter, RSG provided proof of authenticity to Amazon, and Amazon reinstated the listing on December 6, 2019.

15.     On December 9, 2019 – just three days later – ESN Group filed a second counterfeiting complaint with Amazon against RSG for the same exact product, under the same exact ASIN, and Amazon once again delisted it.

16.     RSG again quickly proved the authenticity of its ESN Group inventory to Amazon, and Amazon relisted it on December 13, 2019.

17.     Ten days later, ESN Group filed yet another complaint with Amazon, and Amazon delisted RSG's BNFJ ASIN for a third time.

18.     On January 28, 2020, RSG was able to get its BNFJ ASIN listing back up on Amazon – just in time to miss the Holiday sales season.

19.     As a result of ESN Group's maliciously-timed and fraudulent attacks on RSG, RSG is now unable to safely sell its Ceramedx inventory on Amazon, which is the only viable and profitable outlet available to RSG.

20.     In addition to its unfettered discretion to delist certain individual product listings, Amazon has unfettered discretion to permanently suspend any seller account – shut down a person's entire Amazon business – and routinely does so if an account has what Amazon deems to be too many complaints lodged against it.  While RSG has been able to overcome ESN Group's numerous complaints against RSG's BNFJ ASIN listing, RSG cannot take the risk of getting its entire account suspended because of further attacks from ESN Group, and cannot safely and profitably sell its Ceramedx inventory on Amazon.  RSG has therefore "stranded" these product listings, which means that they have increased the price to several hundred dollars

above any reasonable price so that the product listing is effectively invisible on Amazon, thereby effectively pulling its Ceramedx product "off the shelves."

### Earth Science

21.     Soon after RSG's Ceramedx listing came under attack by ESN Group, ESN Group started a similar campaign against RSG's various "Earth Science" product listings.  On December 16, 2019, Plaintiff received an email from Amazon indicating that ESN Group had filed a complaint with Amazon falsely claiming that RSG was selling a counterfeit Earth Science product on Amazon under ASIN B0017QSTDQ (the "STDQ ASIN"), and that Amazon was removing this listing unless and until RSG provided Amazon with proof of authenticity to Amazon's satisfaction.

22.     Despite this product being authentic and unaltered, RSG was not able to get this product listed relisted until February 12, 2020 – again, well after the Holiday season.

23.     On or about January 20, 2020, ESN Group escalated its attacks on RSG and filed complaints against numerous RSG listings for ESN Group products, all of which were for authentic and unaltered ESN Group products, including under ASINs B00EEECIFO, B000Q43MLO, B0002JISX0, B0019FLYP0, AND B0061WKRG8.

24.     As ESN Group knew would happen, Amazon delisted all of these listings.

25.     As with the Ceramedx listing, RSG has provided Amazon with proof of authenticity for all of these products, and while all of them have been relisted (other than the ISX0 ASIN, which is still in progress), RSG has been forced to "strand" each of these listings so that ESN Group's attacks do not get RSG's entire seller account suspended.

*"Under Penalty of Perjury" and "Good Faith Belief"*

26.     When any party files an intellectual property complaint with Amazon, like the ESN Group complaints described above, they must check boxes by which they attest to the following two statements:  (a) "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above" and (b) "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

27.     As explained above, ESN Group had not done any "test buys" of any of RSG's inventory or otherwise taken any steps to determine whether RSG was selling authentic ESN Group products, which in fact RSG was doing.

28.     By checking those boxes and attesting to those statements, ESN Group, as well as the individual who actually filed the complaints, committed perjury.

*Fraudulent Purchases and More Fraudulent Complaints*

29.     As described above, ESN Group engaged in a campaign of filing baseless and fraudulent intellectual property complaints with Amazon and against RSG alleging counterfeiting and trademark infringement, without performing any "test buys" or other legitimate investigation, in an effort to push RSG out of the marketplace.  Each of these complaints required ESN Group to divulge its identity and state under penalty of perjury that it had a good faith belief that its rights were being infringed.

30.     After virtually all of these intellectual property complaints were rejected by Amazon because RSG proved to Amazon that the products were authentic (with the exception of the STDQ ASIN still in progress), ESN Group adopted a new tactic in its assault on RSG's

business.  Beginning on or about January 20, 2020, ESN Group began purchasing one of each of the RSG products listed under each of the ASINs described above (other than the STDQ ASIN which ESN Group could not buy because it was still delisted as a result of ESN Group's fraudulent complaint).

31.     In each instance, ESN Group – posing as an ordinary customer – demanded a refund for its purchase.  In three of the five cases (ASINs CIFO, ISX0, and KRG8), ESN Group claimed to Amazon that they had received a counterfeit product, and actually *returned* the allegedly counterfeit item, thereby intentionally destroying the evidence of their fraud well after they had received letters from counsel for RSG and knew or should have known that litigation was a very real possibility.  In the other two cases (ASINs 3MLO and LYP0), ESN Group claimed to Amazon that the products arrived damaged, which is an underhanded way for ESN Group to claim that the ESN Group products that RSG was selling were "altered" for purposes of trademark infringement and avoiding the first sale doctrine.

32.     In connection with each of these fraudulent return instances, ESN Group, posing as an ordinary customer rather than an intellectual property rights holder, evaded the Amazon requirement that any intellectual property complaint must be accompanied by statements of good faith and under penalty of perjury.

### *The Road Not Taken*

33.     For each product listed on Amazon, and for each seller of each product, Amazon provides an easy method of contacting the seller directly.

34.     For example, as of the date of this Complaint, the following is a link to a Ceramedx product for sale on Amazon:

https://smile.amazon.com/Ceramedx-Ultra-Moisturizing-Cream-Unscented/dp/B07BZCDQCD/ref=sr_1_4?keywords=ceramedx&qid=1581712734&sr=8-4

35.    That page gives the name of the seller, which name is hyperlinked to the following seller page:

https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=1&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&seller=A2B04QWKBOTFWI&tab=&vasStoreID=

36.    On this seller page, at the very top, is a box that says "Have a question for [Seller]?" and this box contains a conspicuous yellow button that says "Ask a question."

37.    Simply by clicking on that bright yellow button, any brand owner can directly contact any seller that it believes may be selling counterfeit versions of the brand owner's product(s) or is otherwise infringing on its marks, and can ask the seller for information regarding the authenticity of that seller's inventory.  This is, in fact, a common practice, and many if not most intellectual property complaints can be resolved by this direct contact.

38.    ESN Group chose not to avail itself of this option, and thereby chose to deprive RSG of any opportunity to show ESN Group that RSG's inventory was authentic.

39.    ESN Group instead chose to weaponize the intellectual property reporting system set up by Amazon that was intended to protect brand owners from infringement, not to provide unscrupulous brand owners with a simple means to knock competitors out of the marketplace or leverage to extort unwarranted concessions from legitimate sellers.

40.    In addition to providing Amazon with proof of authenticity, RSG retained counsel during this process and sent ESN Group several letters explaining that the ESN Group products RSG was selling were authentic and procured through legitimate means, and demanding that ESN Group retract its Amazon complaints.  As described above, when faced with irrefutable

proof of authenticity, ESN Group refused to acknowledge that its complaints were unfounded and extremely harmful to RSG, and instead doubled down and amplified its attacks.

41.    Not only is RSG entitled to compensatory damages, ESN Group's vicious, malicious, and relentless attacks on RSG cry out for a punitive damages award that will teach ESN Group that it cannot abuse the protections of the Lanham Act and the Amazon reporting system, and send a message to other manufacturers that this type of abuse will not be tolerated and will be met with painful sanctions.  RSG is also entitled to injunctive relief in the form of a court order directing ESN Group to retract all of its fraudulent complaints against RSG on Amazon.

## FIRST CAUSE OF ACTION

## LANHAM ACT – 15 U.S.C. § 1125(a)

## FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION

42.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

43.    Plaintiff and Defendant both sell ESN Group products online through, among other outlets, Amazon.

44.    Plaintiff has established a business reputation as a trusted seller on Amazon.

45.    Defendant knowingly made false, misleading, and defamatory statements in commerce through its several complaints on Amazon in which Defendant falsely claimed that Plaintiff sold counterfeit ESN Group products, has otherwise engaged in trademark infringement, and reported that several individual products Defendant purchased were damaged or otherwise not in satisfactory condition.

46.     These statements have deceived Amazon, which delisted Plaintiff's product listings, and are likely to deceive and confuse the public, which was Defendant's intent, including by directly affecting the pricing and availability of the products at issue, as well as limiting customer reviews of the product from various sources, and otherwise communicating false or incomplete information about the products at issue to the public.

47.     Defendant's wrongful acts as alleged herein constitute false and misleading representations of fact and unfair competition under the Lanham Act.

48.     The damages to Plaintiff's economic and reputational interests were directly caused by Defendant's false and misleading representations, and Plaintiff is therefore entitled to monetary damages in an amount to be proven at trial.

49.     Plaintiff is also entitled to permanent injunctive relief in the form of Defendant being compelled to retract its complaints against Plaintiff on Amazon, which will allow Plaintiff to safely sell its ESN Group inventory on Amazon, and will help repair the damages to Plaintiff's reputation, including with Amazon.

## SECOND CAUSE OF ACTION

### NEW YORK GEN. BUS. LAW §349
### DECEPTIVE ACTS AND PRACTICES

50.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

51.     Defendant ESN Group knowingly made false, misleading, and defamatory statements in commerce through its several complaints on Amazon in which Defendant falsely claimed that Plaintiff sold counterfeit ESN Group products, has otherwise engaged in trademark infringement, and reported that several individual products Defendant purchased were damaged or otherwise not in satisfactory condition.

52.     These statements have deceived Amazon, which delisted Plaintiff's product listings, and are likely to deceive and confuse the public, which was Defendant's intent, including by directly affecting the pricing and availability of the products at issue, as well as limiting customer reviews of the product from various sources, and otherwise communicating false or incomplete information about the products at issue to the public.

53.     The Defendant's actions as described herein directly and proximately caused Plaintiff to suffer lost sales and profits, and harmed Plaintiff's reputation among the buying public and with Amazon.

## THIRD CAUSE OF ACTION

## TORTIOUS INTERFERENCE

54.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

55.     Through its seller account and various listings, including those at issue in this lawsuit, Plaintiff maintains a lucrative business relationship with Amazon.

56.     Defendant had knowledge of this relationship.

57.     Defendant intentionally and unjustifiably interfered with this relationship by filing knowingly false trademark infringement, counterfeiting, and damaged goods reports with Amazon, and by committing perjury by knowingly filing these false reports.

58.     As a result of these fraudulent complaints, Amazon has delisted several of Plaintiff's product listings, and maintains a record of these complaints that have damaged Plaintiff's reputation with Amazon, which entitles Plaintiff to compensatory damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### DEFAMATION AND TRADE LIBEL

59.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

60.     Plaintiff made several statements to Amazon that were false and defamatory, including statements claiming that Plaintiff was selling counterfeit ESN Group products on Amazon, that Plaintiff was infringing ESN Group trademarks via Plaintiff's listings for ESN Group products, and that ESN Group goods ordered from the Plaintiff through Amazon were damaged and otherwise unfit for sale.

61.     These statements are defamatory *per se* because they tend to subject Plaintiff to distrust, ridicule, contempt, and disgrace, and are injurious to Plaintiff's trade and professional reputation, and because counterfeiting is a crime under the Lanham Act.

62.     Defendants knew or should have known that these statements were false, and that they would cause damage to Plaintiff's reputation and business opportunities.

63.     These statements were made with actual malice because Defendant either knew of their falsity or made them with reckless disregard for their veracity.

64.     In making these statements, Defendant acted intentionally, maliciously, willfully, and with the intent to injure Plaintiff.

65.     Plaintiff has been harmed by the loss of economic value in goodwill and the reputation it has built on the Amazon platform.

66.     As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at trial.

**JURY DEMAND**

67.     Plaintiffs hereby demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as follows:

1.     Awarding Plaintiff compensatory damages, including Plaintiff's lost profits and expenses incurred combatting Defendant's false claims, and/or disgorgement of the benefits obtained by Defendant as a result of its unlawful conduct, along with prejudgment interest, against Defendant in an amount to be determined at trial, but known to be in excess of $75,000.00;

2.     Awarding Plaintiff statutory, exemplary and/or punitive damages, including appropriate damage multipliers, as legally required or as the Court deems just and proper;

3.     Awarding Plaintiff its attorney fees and costs incurred in connection with this action;

4.     Issuing permanent injunctive relief requiring Defendant to withdraw all of its complaints against Plaintiff on the Amazon platform;

5.     Issuing permanent injunctive relief restraining Defendant from lodging any further baseless complaints against Plaintiff on Amazon, including any complaint that Plaintiff is selling or has ever sold counterfeit ESN Group merchandise on Amazon or otherwise infringed on any ESN Group trademark; and

      6.      Awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 19, 2020

THE ENGEL LAW GROUP, PLLC

By: _____
      Adam E. Engel (AE-9146)
280 Madison Avenue
Suite 705
New York, NY  10016
(212) 665-8095

Attorneys for Plaintiff