

Stephen E. Paffrath, Esq.
stephen@dieschlawgroup.com
(415) 845-5506

August 7, 2020

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Court Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Real Selling Group LLC  v. ESN Group, Inc.*
     SDNY Case No. 1:20-cv-01468
     ESN Group, Inc.'s Motion to Dismiss

Dear Judge Buchwald:

Pursuant to Section E.1 of your Honor's standing order, this letter summarizes the substantive arguments set forth in Defendant ESN Group Inc. ("ESN")'s accompanying motion to dismiss for lack of personal jurisdiction.

### I. Summary of Allegations

Plaintiff Real Selling Group, Inc. ("Plaintiff") was allegedly a third-party seller on Amazon.com selling ESN-branded products. (Compl. ¶¶ 2). Because Plaintiff had no contractual relationship with ESN, it is what is referred to as an "unauthorized reseller." Plaintiff alleges Amazon removed Plaintiff's offering of ESN-branded products from its platform following ESN's allegedly false complaint Plaintiff was selling counterfeit ESN-branded products. (Compl. ¶¶ 13-25). Plaintiff further alleges its product offerings were reinstated after it convinced Amazon the products it offered for resale were not counterfeit. (*Id.*)  Plaintiff further alleges ESN posed as consumers purchasing the ESN products offered by Plaintiff on Amazon, and then returned those items to Amazon, informing Amazon they were counterfeit and demanding refunds. (Compl., ¶¶ 29-32). Plaintiff alleges ESN's purported interactions with Amazon constituted misleading representations violating the Lanham Act and New York's General Business Law, and constituted tortious interference with business relationships, defamation and trade libel. (Compl. ¶¶ 42–66).

ESN is a California corporation with its principal place of business in Carpinteria, California. Non-party Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Plaintiff is located in this District.

## II. This Action Should Be Dismissed Under Rule 12(b)(2) for Lack of Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction based on a two-part analysis: (1) there is jurisdiction under New York law; and (2) the "exercise of jurisdiction [] is consistent with federal due process requirements." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (citation omitted). Plaintiff cannot prevail on either part of the analysis.

### A.  There is no jurisdiction under New York's long-arm statute

Plaintiff contends this Court has personal jurisdiction under two provisions of New York's long-arm statute, C.P.L.R. § 302(a)(1) ("Section 302(a)(1)) and C.P.L.R. §302(a)(3). Neither section is applicable here.

Section 302(a)(1) provides that a court "may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state," so long as the plaintiff's "cause of action aris[es] from" that "transact[ion]." *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) ("in determining whether personal jurisdiction may be exercised under section 302(a)(1), 'a court must decide (1) whether the defendant "transacts any business" in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction. " (citation omitted)).

Plaintiff's allegations are insufficient to establish jurisdiction under Section 302(a)(1). Plaintiff's jurisdictional allegations are (i) ESN sells products into New York; and (ii) ESN purchased goods from Plaintiff, a New York company, that it returned to Amazon as counterfeit. (Compl., ¶ 9).  ESN does not dispute that it engages in some direct sales to New York consumers through its websites, but there is no substantive relationship between those sales and Plaintiff's claims that ESN made false statements to Amazon about the ESN products that Plaintiff offered on Amazon. *See Careful Shopper, LLC v. TP-Link Corporation*, Case No. 18-CV-3019(RJD)(RML) (E.D.N.Y. Sept. 30, 2019) (addressing virtually identical allegations and finding the allegations did not "arise from" the defendant's sale of products in New York);[1] *G31000 North America, Inc. v. Paris,* No. 14-CV-3885(VEC), 2014 WL 6604790 at *3 (S.D.N.Y. Nov. 21, 2014).

Section 302(a)(3) also provides no basis for jurisdiction because that provision expressly excludes claims for defamation against out-of-state defendants for injury's occurring in New York.  As all of Plaintiff's claims are based on the allegedly defamatory statements made to Amazon, the defamation exclusion applies to all of them.  *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996).

Moreover, Plaintiff cannot establish the requisite injury in New York. "[T]he suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York

---

[1] For the Court's convenience, a copy of the *Careful Shopper* decision is attached to the attorney declaration of Stephen Paffrath in support of ESN's motion.

for [Section 302(a)(3)]." *Troma Entm't, Inc. v. Centennial Pictures, Inc.*, 729 F.3d 215, 219 (2d Cir. 2013) (quoting *Penguin Group*, 609 F.3d at 38). As this Court has recognized, "for claims involving 'a nonphysical, commercial injury,' the situs of the injury 'is where the critical events associated with the dispute took place.'" *AVRA Surgical Robotics, Inc. v. Gombert*, 41 F.Supp.3d 350, 361-62 (S.D.N.Y. 2014) (citations omitted). All of the alleged events giving rise to Plaintiff's claims took place outside New York. Consequently, the absence of injury in New York additionally precludes the exercise of personal jurisdiction in this case.

B.  **The Exercise of Personal Jurisdiction Over ESN Would Not Be Consistent With Due Process**

Even if the Court were to find New York's long-arm statute satisfied, it could not assert personal jurisdiction over ESN consistent with due process requirements for either general or specific jurisdiction. *See Karoon v. Credit Suisse Grp*. AG, No. 15-CV-4643 (JPO), 2016 WL 815278, at *2 (S.D.N.Y. Feb. 29, 2016) ("Courts may exercise either specific or general jurisdiction over a defendant.").

**No General Jurisdiction.** Plaintiff cannot establish ESN is subject to general jurisdiction in New York. General jurisdiction is only proper where a corporation is "at home"—typically in the state of incorporation or principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Significant sales in the forum or "continuous and systematic" contacts are insufficient if a corporation's affiliations do not render it "essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (citation and quotation marks omitted). The only contacts between ESN and New York identified in the complaint are ESN's alleged sale and purchase of products in New York. (Compl. ¶ 9). Those contacts fall well short of the forum activity the Court found sufficient for general jurisdiction in *Daimler AG*.

**No Specific Jurisdiction.** Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919 (internal quotation marks and citation omitted). Plaintiff cannot establish specific jurisdiction over ESN for the same reason it cannot establish jurisdiction under C.P.L.R. § 302(a): Plaintiff's claims do not arise from any alleged contacts between ESN and New York. According to Plaintiff, although ESN allegedly sent wrongful emails from California "directly to Amazon" in Washington, jurisdiction is proper because of ESN's supposedly extensive business activity in New York. (Compl. ¶ 9). But Plaintiff's claims are entirely unrelated to any alleged business activity in New York as explained above. The Complaint therefore fails to establish a basis for personal jurisdiction consistent with due process and should therefore be dismissed under Rule 12(b)(2).

Respectfully Submitted,

*/s/ Stephen E. Paffrath*

Stephen E. Paffrath

cc:   Adam E. Engel. Esq.
      Joshua D. Anders, Esq.