

Stephen E. Paffrath, Esq.
stephen@dieschlawgroup.com
(415) 845-5506

October 7, 2020

**VIA ECF**
The Honorable Naomi Reice Buchwald
United States District Court Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:**   ***Real Selling Group LLC v. ESN Group, Inc.***
         **SDNY Case No. 1:20-cv-01468**

Dear Judge Buchwald:

   I represent Defendant ESN Group, Inc. ("ESN"), and write concerning Plaintiff's untimely filing of an Amended Complaint ("Am. Comp.") (ECF No. 22) and, if necessary, to seek a pre-motion conference in anticipation of a motion to dismiss the amended pleadings.

   Plaintiff filed the Amended Complaint on October 2, 2020, long after the time Rule 15 provides to file an amended complaint had lapsed, instead of filing its opposition to ESN's motion to dismiss, which was due that day.  ESN respectfully requests that the Court strike the untimely Amended Complaint and proceed to rule on ESN's motion to dismiss as unopposed, or consider the Amended Complaint to constitute Plaintiff's opposition to the motion.  Alternatively, if the Court is not inclined to strike the Amended Complaint, ESN respectfully requests a conference in anticipation of a motion to dismiss for lack of personal jurisdiction.

### I.   Relevant Background

   Plaintiff Real Selling Group, Inc. ("Plaintiff") filed its Complaint on February 19, 2020, alleging that ESN made statements to Amazon regarding ESN products that Plaintiff sold through Amazon that constituted misleading representations violating the Lanham Act and New York's General Business Law, tortious interference with business relationships, and defamation and trade libel. (Compl. (ECF No. 1) ¶¶ 42–66).

   ESN sought leave to file a motion to dismiss for lack of personal jurisdiction on May 14, 2020 (ECF No. 12), following which the parties participated in a telephonic conference with the Court on June 16, 2020.  During that conference, the Court mentioned Judge Caproni's decision in *G31000 North America, Inc. v. Paris,* No. 14-CV-3885, 2014 WL 6604790 (S.D.N.Y. Nov. 12, 2014), and suggested Plaintiff consider whether in light of that decision Plaintiff had grounds to oppose ESN's proposed motion. The Court directed Plaintiff to advise ESN whether it intended to proceed with the action and, if so, to submit a proposed briefing schedule for ESN's motion. ESN's counsel heard nothing from Plaintiff's counsel until the Court's law clerk contacted the parties on July 21, 2020 regarding the status of the matter. As a result of that communication, the parties submitted a stipulated

October 7, 2020
Page 2

briefing schedule providing that ESN would file its moving papers no later than August 11, 2020, and Plaintiff would file any opposition no later than September 11, 2020. (ECF No. 16).

ESN filed its moving papers on August 7, 2020 (ECF No. 17-1). On September 10, 2020, Plaintiff's counsel asked ESN to agree to a two-week extension of Plaintiff's response time. ESN agreed to the request, and stipulated "to further extend the date for Plaintiff's opposition brief from September 11 to September 25." (ECF No. 19.). On September 25, 2020, the date that Plaintiff's opposition was due, Plaintiff's counsel again asked ESN to agree to another week's extension because Plaintiff's counsel had been ill. As a professional courtesy, ESN agreed "to ask the Court to further extend the date for Plaintiff's opposition brief to October 2, 2020." (ECF No. 21.)

Instead of filing an opposition brief on October 2, Plaintiff filed its Amended Complaint—56 days after the filing and electronic service of ESN's Rule 12(b)(2) motion. Plaintiff's Amended Complaint includes no new allegations regarding ESN's actions or residence. The primary change from Plaintiff's initial Complaint is the assertion of two new antitrust claims under 15 U.S.C. § 2. (Am. Compl., ¶¶ 45-61).

## II.     The Amended Complaint Should Be Struck as Untimely or Treated as an Opposition to Defendant's Motion to Dismiss

Federal Rule 15(a)(1)(B) provides in relevant part that a party may amend its pleading once as a matter of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Proc. 15(a)(1)(B) (underlining added). ESN's motion to dismiss under Rule 12(b) was filed and electronically served on August 7, 2020. As Plaintiff's Amended Complaint was filed 56 days after receiving ESN's motion, Rule 15 required Plaintiff to seek leave from the Court to file, which Plaintiff never obtained.

Plaintiff cannot rely on the stipulations extending its time to file an opposition brief to extend its time to file an Amended Complaint. First, Rule Rule 15(a)(B)(1) does not link the filing of an Amended Complaint to the filing of an opposition to a Rule 12(b) motion, so there is no basis under the rule to treat an extension as to one filing as an extension as to another. Second, the first stipulation proposing a briefing schedule for ESN's motion was submitted on September 10, 2020, 35 days after filing and service of ESN's Rule 12(b) motion. Consequently, the statutory deadline for Plaintiff to file an Amended Complaint without leave of Court had passed before any stipulation was entered.

ESN respectfully requests that the Court strike the Amended Complaint as untimely and proceed to rule on ESN's now unopposed motion to dismiss. *See Murphy v. Keller Indus., Inc.*, 201 F.R.D. 317, 320 (S.D.N.Y. 2001) (granting dismissal of third-party complaint as untimely). Granting the motion would not foreclose Plaintiff from obtaining a ruling on the merits of its claims; it would simply require Plaintiff to do so in a court with jurisdiction over ESN. Alternatively, ESN respectfully submits that the Court should either (1) deem the Amended Complaint to constitute Plaintiff's opposition to ESN's motion, implicitly asserting that the deficiencies of the initial Complaint could be cured by the proposed amendments, and allow ESN to reply; or (2) strike the Amended Complaint and allow Plaintiff seven days to file an opposition to ESN's motion wherein Plaintiff may contend it should be allowed leave to amend, and instruct that no further extensions will be granted.

### III. If the Court Does Not Strike the Amended Complaint, ESN Respectfully Requests Leave to File a Motion to Dismiss for Lack of Personal Jurisdiction

In filing the Amended Complaint, Plaintiff implicitly acknowledged that ESN was correct that neither of the relevant provisions of New York's Long-Arm statute, C.P.L.R.§ 302(a)(1) or C.P.L.R.§ 302(a)(3), allowed for personal jurisdiction. Plaintiff apparently hopes that it can prevail on the argument that its new antitrust claims are outside Section 302(a)(3)'s exception for claims sounding in defamation. *See Dupont v. New Jersey State Police*, No. 08-CV-10220, 2009 WL 2486052, at *9 (S.D.N.Y. Aug. 14, 2009) ("The defamation exception ... applies to allegations that in fact sound in defamation, not just allegations that explicitly bear a defamation label."). Plaintiff's Amended Complaint does not cure the jurisdictional deficiencies of the Complaint for at least three reasons.

First, as addressed in ESN's memorandum, Section 302(a)(3) cannot provide a basis for personal jurisdiction in this case regardless of its defamation exception. As this Court has recognized, "[Section 302(a)(3)] 'requires as a predicate for personal jurisdiction "a closer expectation of consequences within the State" than the indirect loss of profits.'" *AVRA Surgical Robotics, Inc. v. Gombert,* 41 F.Supp.3d 350, 361 (S.D.N.Y. 2014) (citations omitted). "[F]or claims involving 'a nonphysical, commercial injury,' the situs of the injury 'is where the critical events associated with the dispute took place.'" *Id.* at 361-62. In this case, the critical events at issue are alleged communications between ESN in California and Amazon in Washington. Consequently, Section 302(a)(3) cannot be a basis for personal jurisdiction.

Second, Section 302(a)(3)'s defamation exception clearly does apply to Plaintiff's newly alleged antitrust claims. Both of those claims depend on an allegation that ESN took some improper action to assert monopoly power. (Am. Compl., ¶¶ 51, 59). Those allegations are just a recharacterization of the exact same alleged conduct supporting all of the claims that Plaintiff has implicitly recognized sound in defamation, specifically the purportedly false statements to Amazon that the ESN products that Plaintiff sold were counterfeit. Such pleading gamesmanship cannot be used to avoid Section 302(a)(3)'s exception. *See Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996).

Finally, regardless of the provisions of New York's long-arm statute, the Amended Complaint fails to allege a basis for specific personal jurisdiction for this dispute under the due process standards enunciated by the Supreme Court. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011) (specific jurisdiction "depends on an affiliation between the forum and the underlying controversy.") The relationship between New York and ESN's alleged out-of-state actions are too attenuated to justify forcing ESN to litigate here.

We look forward to discussing these issues with the Court and counsel for Plaintiff.

Respectfully Submitted,

*/s/ Stephen E. Paffrath*

STEPHEN E. PAFFRATH